# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DARRELL INGRAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV417-109 |
| ) | |
| JOHN DOE[1], Warden, Georgia State ) | |
| Prison ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

Darrell Ingram has filed a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, alleging (among other things) that the state prosecutor withheld exculpatory evidence. Doc. 1 at 16-19. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 3. Finding him indigent, the Court **GRANTS** his IFP motion and proceeds to screen his petition. *See* Rules Governing § 2254 Cases, Rule 4.

---

[1] Ingram's petition does not identify the warden of Georgia State Prison, except anonymously by his position. *See* doc. 1 at 1. Ordinarily, the Court would require the petitioner or the State to provide the Warden's full name and substitute him as the proper respondent. Since the Court lacks subject matter jurisdiction to consider Ingram's petition, it must be dismissed regardless and determination of the proper respondent is unnecessary.

1

Ingram was convicted of felony murder, among other counts, by a Chatham County, Georgia jury in 2000. *See* doc. 1 at 1; *see also Ingram v. State*, 276 Ga. 223, 223 n. 1 (2003). He petitioned this Court for habeas relief in 2014. *Compare* doc. 1 at 1 (noting state indictment number CR-00-1087), *with Ingram v. Williams*, CV414-140, doc. 1 at 3 (listing same indictment number). That petition was dismissed as untimely (by more than a decade) and unexhausted. *See* CV414-140, doc. 3 at 3, 5 (S.D. Ga. Jul. 16, 2014), *adopted* doc. 6 (S.D. Ga. Aug. 27, 2014).

Before the Court has jurisdiction to consider his current petition, Ingram must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (§ 2244 "is an allocation of subject-matter jurisdiction to the court of appeals."). In fact, this Court *must* dismiss second or successive petitions without awaiting any response from the government, absent prior approval by the Court of Appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *see also Smalls v St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) ("Because the

. . . petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit to file it, this Court is not at liberty to consider it."). "This is true even if the latter petition purports to raise new claims." *Thornton v. Fortniss*, 2015 WL 300396 at * 2 (N.D. Ala. Jan. 22, 2015); *see also Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017) ("Whether a petition is second or successive depends on the *judgment* challenged." (quotes and cite omitted)); *King v. Sec'y, Fla. Dep't of Corrs.*, 671 F. App'x 738, 739 (11th Cir. 2016) (citing *Insignares v. Sec'y, Fla. Dept't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014)) ("Though [§ 2254 petitioner] purports to raise new claims, the bar to successive applications is not claim-specific.").

In that regard, the dismissal of an untimely petition is a decision on the merits, rendering further petitions successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *see also Blocker v. Danforth*, 2013 WL

3

395131 at * 2 n. 4 (S.D. Ga. Jan. 2, 2013) (time-bar dismissal was denial of § 2254 petition on the merits).

Because Ingram has filed this petition without prior Eleventh Circuit approval, this Court is without subject-matter jurisdiction to consider it.  Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the

assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  19th  day of July, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA